**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jakavis Green, Appellant.

Appellate Case No. 2023-000846

---

Appeal From Beaufort County
Brooks P. Goldsmith, Circuit Court Judge
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-384
Submitted November 1, 2025 – Filed November 26, 2025

---

**AFFIRMED**

---

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

---

**PER CURIAM:** Jakavis Green appeals his convictions for habitual traffic offender and driving under suspension (third offense) along with his concurrent

sentences of four years' and ninety days' imprisonment, respectively. On appeal, Green argues the trial court erred by denying his motion to suppress because section 56-5-2120(b) of the South Carolina Code (1993) is unconstitutionally vague, and as a result, law enforcement lacked reasonable suspicion to initiate the traffic stop. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

We hold the issue is not preserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *cf. State v. Neuman*, 384 S.C. 395, 400-02, 683 S.E.2d 268, 270-71 (2009) (holding a constitutional issue was preserved for appellate review despite the defendant using different language in the argument at trial because the trial court's ruling indicated it understood and ruled on the constitutional issue).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.